

# THE ATTORNEY GENERAL
## OF TEXAS

March 23, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Dennis R. Jones
Commissioner
Texas Department of Mental
  Health and Mental Retardation
P. O. Box 12668
Austin, Texas 78711-2668

Opinion No. JM-1031

Re: Authority of the Department of Mental Health and Mental Retardation to impose certain requirements on contracts for community-based mental health and mental retardation services (RQ-1599)

Dear Mr. Jones:

You inform us that the Texas Department of Mental Health and Mental Retardation enters into numerous contracts for community-based mental health and mental retardation services pursuant to section 2.13 of article 5547-202, V.T.C.S. This provision states as follows:

> The Department may cooperate, negotiate and contract with local agencies, hospitals, private organizations and foundations, community centers, physicians and persons to plan, develop and provide community-based mental health and mental retardation services.

V.T.C.S. art. 5547-202, § 2.13.

The department is considering a policy which would prohibit its facilities from entering into such contracts with former employees of the department for a specific period of time.[1] The "facilities" of the department consist of the central office of the department and the state hospitals, state schools, and other institutions set out in section

---

1. You refer to "employees," but, for purposes of this opinion, we presume that "employees" includes both employees and officers.

2.01 of article 5547-202, V.T.C.S.  The department is  also considering prohibiting community mental health and  mental retardation centers from entering into contracts  for services with their former employees for a specific  period of time.  You first ask the following question:

> Does the Texas Department of Mental Health
> and Mental Retardation have the authority to
> prohibit its facilities from entering into
> contracts for community-based mental health
> and mental retardation services with former
> employees, their spouses, or business enti-
> ties in which the former employees or their
> spouses have a substantial financial interest
> for a specific period after the employees
> have terminated employment with the Depart-
> ment?

What the department contemplates is a restriction on its own authority to contract under section 2.13 that would prohibit contracts in which former employees or their spouses have a substantial financial interest.  It is not a proposal to restrict former employees from working for a third party that the department regulates.  The contemplated policy is therefore unlike the post-employment restrictions of the Public Utility Regulatory Act, which bar former employees from working for certain public utilities or from representing certain business entities before the commission or a court.  See V.T.C.S. art. 1446c, § 6(i), (j).

We find no provision requiring that contracts entered into under section 2.13 be awarded on competitive bids.  The department's authority to cooperate and to negotiate with various entities for community-based services is inconsistent with a competitive bidding requirement.  See generally Attorney General Opinion MW-296 (1981) (city may not negotiate contract terms with lowest bidder when statute requires competitive bidding); Attorney General Opinion MW-55 (1979) (discussing department's authority under section 2.13 of article 5547-202).  Thus, we need not consider whether the proposed restriction would constitute an impermissible restriction on the competition required by a competitive bidding statute.  See Texas Highway Comm'n v. Texas Ass'n of Steel Importers, Inc., 372 S.W.2d 525 (Tex. 1963); Sterrett v. Bell, 240 S.W.2d 516 (Tex. Civ. App. - Dallas 1951, no writ); Attorney General Opinions MW-440 (1982); MW-139 (1980); H-1219 (1978); H-1086, H-972 (1977).

The Board of Mental Health and Mental Retardation has the following rule-making authority:

> The Board shall formulate the rules and the basic and general policies, consistent with the purposes, policies, principles, and standards stated in this Act, to guide the Department in administering this Act.

V.T.C.S. art. 5547-202, § 2.11(a).

The purpose of the Mental Health and Mental Retardation Act is to "provide for the effective administration and co-ordination of mental health services at the state and local levels." V.T.C.S. art. 5547-201, § 1.01(a). The state's goal in adopting the act is to provide a comprehensive range of services for mentally ill and mentally retarded persons "who are in need of publicly supported care, treatment, or habilitation." Id. § 1.01(b). It is also a purpose of the act to provide for a continuum of services, which is to include "community services provided by the department and other entities through contracts with the department." Id. § 1.01(c).

The proposed policy appears designed to prevent former employees of the department from using their contacts with the department and an insider's knowledge of its procedures to receive favored treatment in the award of contracts under section 2.13. If the board determines that adopting such a policy would contribute to the effective administration of mental health services and would otherwise be consistent with the purposes and policies of the Act, we believe it could adopt a reasonable policy or rule to that effect.

In Attorney General Opinion MW-540 (1982), this office determined that the Texas Employment Commission had author-ity to adopt a nepotism policy stricter than that set out in article 5996a, V.T.C.S., the nepotism statute. The opinion stated as follows:

> The proposed nepotism policy . . . merely prescribes the duties and limits the powers of those persons to whom the commission has delegated authority to hire, promote, or approve the hiring or promotion of other persons.

Attorney General Opinion MW-540 (1982), at 2.

In Attorney General Opinion JM-188 (1984) we considered whether the Texas Department of Human Resources could pro-hibit its child protective service workers from performing court ordered social studies on their own time. We

concluded that the department could adopt a rule prohibiting such dual employment when a conflict of interest resulted from employees' competition with the department for the same appointments and fees.

Thus, prior rulings of this office demonstrate that a state agency may adopt policies designed to prevent favoritism in hiring decisions and conflicts of interest between the agency and its employees. The Board of Mental Health and Mental Retardation may adopt restrictions necessary to prevent favoritism of former employees in contracting decisions and to ensure that while an employee is on the staff he will serve the department's interests, rather than his own anticipated interest in a future contract with the department. The duration of the restriction, the definition of "substantial financial interest," and other provisions of the rule must be reasonable in light of all the facts and circumstances.

Your second question is as follows:

> Does the Texas Department of Mental Health and Mental Retardation have the authority to require by contract community centers established pursuant to Article 5547-203, V.T.C.S., to implement a policy similar to that in question number 1, above, regarding contracting for services with former employees of community centers?

Article 5547-203, V.T.C.S., authorizes a county, a city, a hospital district, a school district, or any organizational combination of two or more of these, to establish and operate a community center for mental health and mental retardation services. Such community centers formerly received grants-in-aid allocated by the Department of Mental Health and Mental Retardation from appropriated funds. See, e.g., Attorney General Opinions JM-424 (1986); JM-12 (1983); H-291 (1974); M-314 (1968); C-584 (1966). In 1985 the legislature replaced the authorization for grants-in-aid for community centers with provisions for financing community-based services through contracts with community centers and other local providers. Acts 1985, 69th Leg., ch. 496, at 4155; Attorney General Opinion JM-424 (1986). These provisions are set out in article 5547-204, V.T.C.S.

The department "shall insure" that specified community-based mental health and mental retardation services are available in each service area and shall identify and contract with one or more designated providers for each

local service area. V.T.C.S. art. 5547-204, § 4.03(a), (b). Preference in identifying providers is to be given to a community center. Id. § 4.03(b).

Section 4.01(a) provides as follows:

> The Department shall prescribe such rules, regulations and standards, not inconsistent with the Constitution and laws of this State, as it considers necessary and appropriate to insure adequate provision of community-based mental health and mental retardation services by departmental facility outreach programs or by community centers and other providers receiving contract funds as designated providers pursuant to Section 4.03 of this Act. Each designated provider contract shall contain a provision authorizing the Department to have unrestricted access to all facilities, records, data, and other information under the control of the designated provider or subcontractor of the designated provider as necessary to enable the Department to audit, monitor, and review all financial and programmatic activities and services associated with the contract. (Emphasis added.)

V.T.C.S. art. 5547-204, § 4.01(a).

This provision gives the department broad authority to make rules applicable to community centers that receive contract funds under section 4.03. The same rules that apply to community centers also apply to the provision of community-based services by the department's own facilities. See also V.T.C.S. art. 5547-204, § 4.03(c). Community centers and other providers are moreover fully accountable to the department for the use of the funds they receive under contract.

The department may adopt rules that are "necessary and appropriate to insure adequate provision of community-based mental health and mental retardation services" by community centers receiving contract funds. If the department reasonably determines that it would be necessary and appropriate under the statutory standard to adopt a rule prohibiting the community centers receiving state funds from making contracts for community-based services in which former employees or their spouses have a substantial interest, the department could adopt such a rule. The rule

itself, the duration of the restriction, the definition of "substantial financial interest," and any other provisions of the rule must be reasonable in light of the surrounding facts and circumstances.

## S U M M A R Y

The Texas Department of Mental Health and Mental Retardation has authority under section 2.11(a) of article 5547-202, V.T.C.S., to adopt reasonable rules prohibiting its facilities from entering into contracts for community-based mental health and mental retardation services with former officers and employees, their spouses, and business entities in which the former employees or their spouses have a substantial financial interest for a specific period after the employees have terminated employment with the department. The department also has authority to adopt such rules for community centers established under article 5547-203, V.T.C.S., that receive contract funds from the department under section 4.03 of article 5547-204, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General